# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

**FILED AUG 16 2005**
U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

In re: ) Chapter 13
)
ELIZABETH J. BLACKWELL, ) No. 4:05-bk-02534-JMM
)
) **MEMORANDUM DECISION**
)
) (Opinion to be Posted)
Debtor. )

On May 13, 2005, Janice Bernardini, Guardian and Conservator of the Estate of Jean M. Blackwell, filed a Motion to Dismiss Debtor's Chapter 13. This court held a hearing on the matter on July 6, 2005. After reviewing the pleadings, the arguments, and the entire file, this court now rules.

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b). Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## FACTS

Elizabeth Blackwell ("Debtor") filed a Chapter 13 bankruptcy petition on May 9, 2005. Janice Bernardini, Conservator of the Estate of Jean McKee Blackwell ("Conservator") and Steven Phillips, Trustee of the Jean McKee Blackwell Family Trust ("Trustee") filed a Motion to Dismiss, arguing that Debtor does not qualify for Chapter 13 because her debts exceed the debt limits set out in § 109(e).

Conservator and Trustee filed a pre-petition action in Pima County Superior Court against Debtor, alleging individual liability of a de facto conservator, constructive fraud/breach of fiduciary duty, financial exploitation of a vulnerable adult, conversion, unjust enrichment and accounting. In sum, these claims allege that Debtor is liable for assets belonging to Jean Blackwell, her former mother-in-law, to which she had access and which she spent for her benefit or for the benefit of her family, or otherwise failed to manage as a reasonable person would manage the assets of another. The damages alleged by Conservator and Trustee total over $11.5 million.

Debtor's Schedule F lists $122,320.00 in general unsecured debt. The lawsuit filed by Conservator and Trustee is listed in Debtor's Schedule F as unliquidated and disputed; and the amount of the claim is listed as "unknown." Debtor's Schedules include a supplement to Schedule F, which explains why Debtor believes the claim of Conservator and Trustee is disputed and unliquidated.

A hearing was held on Conservator and Trustee's Motion to Dismiss on July 6, 2005. At the court's request, both Conservator and Debtor subsequently filed memoranda of law in support of their positions regarding the extent to which the court may consider evidence that is extrinsic to the bankruptcy statements and schedules filed by Debtor in determining whether Debtor's unsecured debt exceeds the debt limitations set forth under § 109(e).

## ISSUES

1. Whether the court may consider evidence that is extrinsic to Debtor's statements and schedules in determining whether Debtor's unsecured debt exceeds the debt limitations set forth under § 109(e)?

2. Whether Debtor's unsecured debts exceed the debt limitations set forth under § 109(e), when a lawsuit was filed prior to Debtor's bankruptcy alleging damages of over $11.5 million?

## DISCUSSION

Section 109(e) provides:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975 may be a debtor under chapter 13 of this title.

Debtor's Schedule F lists $122,320.00 in noncontingent, liquidated, unsecured debt. This is well below the debt limit of $307,675.00, imposed by § 109(e). Conservator and Trustee's claim against Debtor is listed in her Schedule F in an "unknown" amount. The Ninth Circuit has held that a bankruptcy court may look past the debtor's schedules to evidence submitted when a good faith objection to the debtor's eligibility under § 109(e) is raised. *In re Soderlund*, 236 B.R. 271, 273 (9th Cir. BAP 1999), citing *In re Scovis*, 231 B.R. 336 (9th Cir. BAP 1999); *In re Quintana*, 107 B.R. 234, 239 n.6 (9th Cir. BAP 1989), *aff'd* 915 F.2d 513 (9th Cir. 1990); *In re Sylvester*, 19 B.R. 671 (9th Cir. BAP 1982).

Debtor argues that the claim by Conservator and Trustee was not liquidated as of the petition date and therefore does not count toward the debt limitations of § 109(e). The Ninth Circuit has held that "whether a debt is 'liquidated' for purposes of § 109(e) is determined by 'whether the amount due is capable of ascertainment by reference to an agreement or by simple computation.'" *In re Wenberg*, 94 B.R. 631, 633 (9th Cir. BAP 1988), citing *Sylvester*, 19 B.R. at 673 (quoting *In re Bay Point Corp.*, 1 B.C.D. 1635 (D.N.J. 1975)). The Ninth Circuit has adopted the standard of "readily ascertainable" in determining whether a particular debt is deemed liquidated. *Id.* The Ninth Circuit stated that the question of whether a debt is liquidated "turns on whether it is subject to 'ready determination and precision in computation of the amount due.'" *In re Fostvedt*, 823 F.2d 305, 306

3

(9th Cir. 1987), quoting *Sylvester*, 19 B.R. at 673. Finally, although the amount may be disputed, such a dispute is "not relevant for purposes of section 109(e)." *In re Wenberg*, 94 B.R. 631, 633 (9th Cir. BAP 1988), citing *Sylvester*, 19 B.R. at 673 (quoting *In re Bay Point Corp.*, 1 B.C.D. 1635 (D.N.J. 1975)).

"The definition of 'ready determination' turns on the distinction between a simple hearing to determine the amount of a certain debt, and an extensive and contested evidentiary hearing in which substantial evidence may be necessary to establish amounts or liability." *In re Wenberg*, 94 B.R. at 634. The bankruptcy judge has discretion in determining "whether a claim will require an overly extensive hearing or whether the claim is subject to a bona fide dispute; therefore not subject to 'ready determination.'" *Wenberg*, 94 B.R. at 635.

Since whether a debt is disputed is not relevant for purposes of § 109(e), this court must only determine whether determining the amount of the claim will require an overly extensive hearing. Conservator claims that she can readily provide a small amount of documentary evidence to prove her claim in a sufficient amount to put Debtor over the debt limitations. This court will allow Conservator to present that evidence. If the court finds that it is sufficient to readily determine the amount of the claim, the court will at that time grant Conservator and Trustee's Motion to Dismiss Debtor's Chapter 13 on the basis that Debtor does not qualify for Chapter 13 relief under § 109(e). If the court finds that the evidence presented by Conservator is not sufficient to readily determine the amount of the claim, the court will then deny Conservator and Trustee's Motion to Dismiss on the grounds that determining the amount of the claim will require an overly extensive hearing in order to liquidate the claim.

## **CONCLUSION**

The court will allow Conservator to present her evidence in order to prove that her claim is in a sufficient amount to put the Debtor over the debt limitations. Conservator states that she

Case 4:05-bk-02534-JMM    Doc 29    Filed 08/16/05    Entered 08/17/05 16:02:13    Desc
Main Document    Page 4 of 5

1 | can present a "small amount of documentary evidence." Therefore, Conservator will be allowed to
2 | present this evidence during a 90-minute hearing. The court will not hear extensive evidence in order
3 | to determine the amount of the claim. Therefore, a hearing on Amount of Conservator and Trustee's
4 | Claim will be held on **September 26, 2005, at 3:00 p.m.**

DATED: August 16, 2005.

JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

COPIES served as indicated below this 16 day of August, 2005, upon:

Michael Baldwin
177 North Church Avenue, Suite 913
Tucson, AZ 85701
Email Michael.Baldwin@azbar.org
Attorneys for Debtor

Nancy J. March
DeConcini, McDonald, Yetwin & Lacy, P.C.
2525 East Broadway Boulevard, Suite 200
Tucson, AZ 85716
Email nmarch@dmyl.com
Attorneys for Janice Bernardini, Conservator

Dianne C. Kerns
7320 N. La Cholla #154
PMB 413
Tucson, AZ 85741-2305
Email andrea.hopkins@dcktrustee.com
Chapter 13 Trustee

Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706
U.S. Mail

By MB Thompson
Judicial Assistant

5