

NOV 0 7 2005

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| ELIZABETH J. BLACKWELL, | ) | No. 4:05-bk-02534-JMM |
| | ) | **MEMORANDUM DECISION** |
| | ) | (Opinion to be Posted) |
| Debtor. | ) | |

On May 13, 2005, Janice Bernardini, Guardian and Conservator of the Estate of Jean M. Blackwell, filed a Motion to Dismiss Debtor's Chapter 13. This court allowed a short hearing to enable Conservator to present evidence, with the immediate objective to determine whether she could prove that her claim was in a sufficient amount to put Debtor over the debt limitations. The hearing on amount of Conservator's claim was held September 26, 2005. The court then took the matter under advisement. After reviewing the arguments and the law, this court now rules.

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b). Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## PROCEDURALFACTS

Elizabeth Blackwell ("Debtor") filed a Chapter 13 bankruptcy petition on May 9, 2005. Janice Bernardini, Conservator of the Estate of Jean McKee Blackwell ("Conservator") and Steven Phillips, Trustee of the Jean McKee Blackwell Family Trust ("Trustee") filed a Motion to Dismiss, arguing that

Debtor did not qualify for Chapter 13 because her debts exceeded the debt limits set out in § 109(e).

Conservator and Trustee filed a pre-petition action in Pima County Superior Court against Debtor, alleging individual liability of a de facto conservator, constructive fraud/breach of fiduciary duty, financial exploitation of a vulnerable adult, conversion, unjust enrichment and accounting. In sum, these claims allege that Debtor is liable for the dissipation of assets belonging to Jean Blackwell, her former mother-in-law, to which she had access and which she spent for her benefit or for the benefit of her family, or otherwise failed to manage as a reasonable person would manage the assets of another. The damages alleged by Conservator and Trustee total over $11.5 million. Before that case could come to trial, Debtor filed Chapter 13.

Debtor's Schedule F lists $122,320.00 in general unsecured debt. The lawsuit filed by Conservator and Trustee is listed in Debtor's Schedule F as unliquidated and disputed; and the amount of the claim is listed as "unknown." Debtor's Schedules include a supplement to Schedule F, which explains why Debtor believes the claim of Conservator and Trustee is disputed and unliquidated.

A hearing was held on Conservator and Trustee's Motion to Dismiss on July 6, 2005. At that time, this court took the matter under advisement and subsequently allowed Conservator to present evidence in order to prove that her claim was in a sufficient amount so as to put Debtor over the debt limitations set forth under § 109(e).

On September 26, 2005, this court held a hearing and took evidence on amount of Conservator's claim. The matter was taken under advisement.

## ISSUE

Whether Debtor's noncontingent, liquidated, unsecured debt is sufficiently ascertainable so as to put her over the chapter 13 debt limits, pursuant to § 109(e)?

**DISCUSSION**

Eligibility for chapter 13 is established under § 109(e), which provides that, at the time of Debtor's petition:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975 . . . may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e).

Only contingent or unliquidated debt are excluded from the § 109(e) eligibility computation; disputed debts are not excluded unless they can be excluded on one of the other grounds. *See Sylvester v. Dow Jones & Co.* (*In re Sylvester*), 19 B.R. 671, 673 (9th Cir. 1981).

Debtor's original Schedule F indicated a total of $122,320.00 in noncontingent, liquidated, unsecured debt. Although Debtor listed Conservator's claim on that same schedule, she designated it as an unliquidated and disputed debt of an "unknown" amount.

Conservator contends that her claim is noncontingent because all events giving rise to liability occurred prior to the filing of the bankruptcy petition. In addition, Conservator contends that her claim is liquidated because Conservator can present a small amount of evidence in order to readily ascertain the amount of the claim.

In the Ninth Circuit, chapter 13 "eligibility should normally be determined by the debtor's originally filed schedules, checking only to see if the schedules were made in good faith." *Scovis v. Henrichsen (In re Scovis*), 249 F.3d 975, 982 (9th Cir. 2001). However, Debtor's schedules are not dispositive. "A bankruptcy court should 'look past the schedules to other evidence submitted when a good faith objection to the debtor's eligibility has been brought by a party in interest.'" *In re Quintana*, 107 B.R. 234, 239 n.6 (9th Cir. BAP 1989), quoting *In re Williams Land Co.*, 91 B.R. 923, 927 (Bankr.D. Or. 1988).

Therefore, this court must look at the evidence presented by Conservator in support of her

claim in order to determine whether Debtor, in good faith, listed the claim as contingent and unliquidated, and thus was eligible for chapter 13.

**1. Conservator's Claim is Noncontingent**

It is well settled in the Ninth Circuit that "a debt is noncontingent if all events giving rise to liability occurred prior to the filing of the bankruptcy petition." *Nicholes v. Johnny Appleseed of Washington* (*In re Nicholes*), 184 B.R. 82, 88 (9th Cir. BAP 1995), citing *In re Fostvedt*, 823 F.2d 305, 306 (9th Cir. 1987). The Ninth Circuit stated:

> [T]he rule is clear that a contingent debt is "one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor."

*Fostvedt*, 823 F.2d at 306, quoting *Brockenbrough v. Commissioner*, 61 B.R. 685, 686 (Bankr.W.D.Va. 1986). "[T]he fact that a claim has not been reduced to judgment does not render it contingent." Nicholes, 184 B.R. at 88, citing *In re Dill*, 30 B.R. 546, 549 (9th Cir. BAP 1983), *aff'd* 731 F.2d 629 (9th Cir. 1984).

Conservator contends that her claim is noncontingent because all events giving rise to liability occurred prior to the filing of the bankruptcy petition. Conservator is correct.

> A tort claim ordinarily is not contingent as to liability; the events that give rise to the tort claim usually have occurred and liability is not dependent on some future event that may never happen. It is immaterial that the tort claim is not adjudicated or liquidated, or that the claim is disputed, or indeed that it has any of the many other characteristics of claims under the Code.

*In re Loya*, 123 B.R. 338, 340 (9th Cir. BAP 1991). Because Jean Blackwell's money has already been spent by Debtor, all events giving rise to liability (the conversion of Jean Blackwell's assets by Debtor) occurred pre-petition. It is immaterial that Conservator's claims have not yet been adjudicated or that Debtor disputes Conservator's claims. Thus, Conservator's claims meet the legal standards, and are therefore noncontingent.

**2. Conservator's Claim is Liquidated**

A bankruptcy court must determine the liquidated amount of any disputed claim prior to making the § 109(e) computation. *Sylvester*, 19 B.R. at 673. A debt that is "readily ascertainable" is liquidated for the eligibility determination. *Ho v. Dowell* (*In re Ho*), 274 B.R. 867, 873 (9th Cir. BAP 2002).

The Ninth Circuit affirmed and adopted the BAP's definition of what is readily ascertainable:

> The definition of "ready determination" turns on the distinction between a simple hearing to determine the amount of a certain debt, and an extensive and contested evidentiary hearing in which substantial evidence may be necessary to establish amounts or liability. On this issue, the bankruptcy judge has the best occasions to determine whether a claim will require an overly extensive hearing or whether the claim is subject to a bona fide dispute; therefore not subject to "ready determination."

*FDIC v. Wenberg* (*In re Wenberg*), 94 B.R. 631, 634-35 (9th Cir. BAP 1988).

Conservator contends that her claim is liquidated because Conservator need present only a small amount of evidence in order to readily ascertain the amount of the claim. Conservator was given the opportunity to present this evidence at the September 26, 2005 hearing. At the hearing, Conservator argued that she need only present a small amount of evidence and then the burden shifted to Debtor. Debtor did not appear at the hearing, nor did Debtor present any evidence or provide any witness to controvert her assertion that she did not convert Jean Blackwell's money.

A.R.S. § 46-456 provides that "[a] person who is in a position of trust and confidence to an incapacitated or vulnerable adult shall act for the benefit of that person to the same extent as a trustee . . . ." Under Arizona law, a fiduciary relationship exists between a trustee and the beneficiary. *In re Naarden Trust*, 195 Ariz. 526, 529, 990 P.2d 1085, 1088 (App. 1999).

Conservator presented evidence to prove that Debtor was a person in a position of trust and confidence to Jean Blackwell, an incapacitated or vulnerable adult. Conservator presented sufficient evidence to show that Debtor "was acting as Jean Blackwell's de facto conservator, and that Jean

Blackwell trusted and was reliant on Elizabeth Blackwell for the management of her household finances." Declaration of Steven W. Phillips, September 15, 2005, ¶ 8. Conservator also proved that Jean Blackwell was an incapacitated or vulnerable adult. *See* Declaration of Steven W. Phillips, September 15, 2005, ¶ 12 ("Jean was very unaware of her circumstances and her assets in general"), ¶ 13 ("[I]t is clear to me that she [Jean Blackwell] is unable to manage her affairs or her finances").

Once a fiduciary relationship is established, the law presumes that any transaction between the parties in which the dominant party has profited is fraudulent and that such presumption may be rebutted only by clear and convincing proof. *Al-Abood ex rel. Al-Abood v. El-Shamari*, 217 F.3d 225 (4th Cir. 2000). Conservator presented evidence of a multitude of transactions in which Debtor and her family profited. Debtor used Jean Blackwell's credit cards and bank accounts to purchase tack, clothes, and travel, among other items and expenses for herself and her family. Since Debtor and her family profited from these transactions, the law presumes these transactions to be fraudulent.

The burden then shifts to the fiduciary, here the Debtor, to prove, by clear and convincing evidence, that no breach of fiduciary duty occurred. *GAB Business Services, Inc. v. Lindsey & Newsom Claim Services, Inc.*, 83 Cal. App. 4th 409, 99 Cal. Rptr. 2d 665 (4th Dist. 2000), as modified, (Sept. 14, 2000) and as modified on denial of reh'g, (Sept. 26, 2000) and review denied, (Dec. 13, 2000). A fiduciary may rebut the presumption of fraud or undue influence by clear and convincing proof that she has exercised good faith and has not betrayed the principal's confidence. *CSFM Corp. v. Elbert & McKee Co.*, 870 F.Supp. 819 (N.D. Ill. 1994). To meet that burden, the fiduciary must show full disclosure of all relevant information to the subservient party, adequate consideration, and competent and independent advice to the principal before completing the transaction. *Id.* As stated above, Debtor did not appear at the hearing and no evidence was presented on her behalf to prove that the transactions were not fraudulent. Thus, Debtor was unable to rebut the presumption of liability to the Conservator.

Because Debtor failed to offer any evidence toward establishing that no breach of fiduciary

duty occurred, the presumption of fraud has not been rebutted. Conservator presented sufficient evidence, which was not rebutted by Debtor, for the following claims:

| ACCOUNT | AMOUNT OF CHARGES/DEBT | TOTAL CLAIM FOR DAMAGES |
|---|---|---|
| American Express | $150,623.55 | $118,458.27 |
| Citibank | $176,764.55 | $153,544.07 |
| Bank of America | $240,164.43 | $231,810.77 |
| Bank One Account (Grampian Sales Proceeds) | $589,364.02 | $589,364.02 |
| Motorhome Debt | $92,420.12 | $92,420.12 |
| **TOTAL** | **$1,249,336.67** | **$1,185,597.25** |

Conservator's claim is therefore readily ascertainable and thus liquidated in the amount of, at the very least, $1,185,597.25. Because § 109(e) limits noncontingent, liquidated, unsecured debts to less than $307,675 and because Conservator holds a noncontingent, liquidated, unsecured claim in the amount of $1,185,597.25, Debtor is ineligible to be a debtor under Chapter 13.

## CONCLUSION

Because Debtor's noncontingent, liquidated, unsecured debt puts her over the Chapter 13 debt limits pursuant to § 109(e), she is ineligible to be a debtor under Chapter 13. Debtor's Chapter 13 is therefore dismissed with prejudice. A separate order will be entered simultaneously with this Memorandum Decision.

DATED: November 7th, 2005.

JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

COPIES served as indicated below this 7th day of November, 2005, upon:

Michael Baldwin
177 North Church Avenue, Suite 913
Tucson, AZ 85701
Email Michael.Baldwin@azbar.org
Attorneys for Debtor

Nancy J. March
DeConcini, McDonald, Yetwin & Lacy, P.C.
2525 East Broadway Boulevard, Suite 200
Tucson, AZ 85716
Email nmarch@dmyl.com
Attorneys for Janice Bernardini, Conservator

Dianne C. Kerns
7320 N. La Cholla #154
PMB 413
Tucson, AZ 85741-2305
Email andrea.hopkins@dcktrustee.com
Chapter 13 Trustee

Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706
U.S. Mail

By MB Thompson
Judicial Assistant